GOERNER, Respondent, vs. GOERNER, Appellant.

*April 14—July 8, 1922.*

*Divorce: Nonsupport: Degree of proof required: Evidence: Sufficiency.*

1. Under secs. 2357, 2358, Stats., to justify a divorce on the ground of failure to support it must appear that the defendant is of sufficient ability and that he refuses or neglects to do so.
2. In an action of divorce, evidence that the husband, who was in ill health and temporarily out of the state, had purchased an apartment building which he was paying for out of the rents, that he furnished the apartment in which he and his wife were living, and that the wife operated a restaurant in part of the building for which she was charged no rent, is *held* to show substantial contributions to the support of the wife.
3. It appearing that since judgment was rendered in the trial court and during the pendency of the appeal transactions occurred concerning the properties of the parties and that an accounting is desirable, the cause is remanded to take such accounting for the purpose of placing the parties, as far as possible, in the condition they were when the action was begun.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed, with directions.*

The judgment awards the plaintiff a divorce from the bonds of matrimony and provides for the division of the property of the parties. The plaintiff brought the action, alleging as the ground for divorce nonsupport for a period of three years immediately preceding the commencement of the action.

The parties were married on July 10, 1906, and have lived in Wisconsin, at Milwaukee and Kenosha, ever since. At the time of their marriage the plaintiff conducted a rooming house, and the parties lived there together. She was a widow and had a son who continued to live with the parties. The defendant obtained work at various places, and for a time paid $5 a week to his wife, later $10 a week.

The defendant seems to have contributed such money as he could afford from his earnings and to have assisted his wife about the rooming house.    In 1912 the defendant and his brother-in-law went into the grocery business in partnership.    Later in the same year the brother-in-law's interest was purchased by the plaintiff, and she and defendant continued the business until 1915.    At that time the plaintiff purchased the interest of the defendant in the grocery business and continued the same.    In April, 1915, the defendant purchased an apartment building in Milwaukee containing two stores and three flats.    The plaintiff and defendant occupied one flat as a home, and the plaintiff occupied one of the store buildings for a restaurant.    The plaintiff ran this restaurant, but the defendant assisted her in the management more or less.    He collected the rents from the apartments except as to the flat in which he lived and the store building in which the restaurant was located.

The property was purchased on a land contract for $8,000; $500 was in cash, and the balance at the rate of $50 a month.    Out of the rents the defendant kept up these payments, paid the taxes and insurance, and made repairs.    In the meantime he assisted his wife more or less in the management of the restaurant, and occasionally gave his wife some money.    The restaurant was opened in October, 1919, and seems to have been reasonably profitable.    Out of the earnings of the restaurant the plaintiff has invested $1,000 in a farm, paid $1,165 for a Dodge automobile, bought machinery for the farm and some live stock, and contributed some cash to her son.

During the last three years during which the plaintiff has been running the restaurant she has paid no rent for the restaurant to the defendant, and the defendant has furnished one of his apartments for their living room free of rent.    For seven months prior to the commencement of the action for divorce the defendant was in Seattle, where

he had gone to visit his brother for the purpose of recuperating his health. In 1917 he had bronchitis and he had not recovered from the effects of it. His wife wrote him several letters while he was at Seattle, one of which reads as follows:

"Dear Ernst: Everything is well here. How is it with you? I quit on the 4th of June and go on farm. You can come here. If not, you can stay there and I will be back in September. Let me know what you will do. I looked at everything well in the house and looked at the clothes so there won't be no moths get into them. I feel well and gained ten pounds in weight. I have not had any dining-room girl for four weeks. I think that Katie came to you because there is no person knows where she went. There was a man here several times and wanted to know whether you wanted to sell that house. I told him to wait until you came back. The rent from Mr. Weider is in the table draw. The painter has not been here up to now. This is all for today. Regards from your                    MARIE."

The letter was dated June 28, 1920. The action was begun October 20, 1920.

There appears to be no complaint whatever by the plaintiff that her husband was failing to support her. Shortly prior to the commencement of the action for divorce the plaintiff learned that the defendant was negotiating to rent the apartment building to other parties. It appears that she was fearful that she might lose her rights in the property, and commenced the action for divorce and asked for a receivership. At the time the papers were served on the defendant at Seattle he had bought his ticket and was about to return to his wife.

The foregoing are the salient facts in the testimony.

For the appellant there was a brief by *Roehr & Steinmetz,* attorneys, and *Julius E. Roehr,* of counsel, all of Milwaukee; and the cause was argued orally by *Julius E. Roehr.*

*Waldemar C. Wehe* of Milwaukee, for the respondent.
The following opinion was filed May 9, 1922:

CROWNHART, J.    From the facts as stated, and from the evidence, it nowhere appears that the defendant at any time refused to support or contribute to the support of the plaintiff in proportion to his ability to do so.    Prior to the marriage it was understood that the wife was to continue in active business and that the parties would jointly work and earn for their common support.    The arrangement seems to have been carried out under various vicissitudes not uncommon among poor people.    There does not appear to have been any serious differences between the parties at any time prior to the commencement of the action, and at no time can it be said that the defendant did not contribute to the plaintiff's support.    The use of the store building as a restaurant and the furnishing of the apartment to live in were substantial contributions, and, in view of the state of defendant's health, were probably all that he was capable of furnishing.

The statute provides:

"Section 2357.    A divorce from bed and board forever or for a limited time may be adjudged: . . .

"(3) On the complaint of the wife, when the husband, being of sufficient ability, shall refuse or neglect to provide for her or when his conduct toward her is such as may render it unsafe and improper for her to live with him."

"Section 2358.    A divorce from the bond of matrimony may also be adjudged for either of the causes specified in the second and third subdivisions of the preceding section whenever, in the opinion of the court, the circumstances of the case are such that it will be discreet and proper so to do."

In order to justify a divorce on the ground of failure to support it must appear that the defendant is of sufficient ability and that he refuses or neglects to do so.    It appears

in this case that the evidence to support this proposition is wholly lacking.

While marriage in this state is a civil contract, yet by ancient usage and custom it comes down to us as a sacred and holy ·institution. It is the foundation of the home, and upon the home civilized society rests for the perpetuity of free and popular government. The statutes of the state permit divorces on stated grounds. But a statutory ground for divorce should be fully established before it should be granted. Divorces should not be granted for light and transient reasons or where substantial and satisfactory proof is lacking. Such proof is lacking in this case, and the judgment of the trial court is reversed for that reason.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.

On May 26, 1922, the following opinion was filed:

PER CURIAM. It having been made to appear to the court that since the judgment of the lower court was rendered, and while the case was pending in this court on appeal, that certain transactions were had concerning the properties of the plaintiff and defendant, whereby the *status quo ante* has been changed, and that it is desirable to have an accounting and the parties restored, as near as may be, to the status preceding the commencement of the action;

And the parties having further consented that no costs be awarded in this court on the appeal, and that the mandate should be amended accordingly, therefore the mandate is amended to read as follows:

Judgment reversed, and cause remanded with directions to take an accounting between the parties for the purpose of placing them, so far as possible, in the condition they were when the suit was begun, and including in the adjust-

ment the reasonable support of the plaintiff pending the litigation.

No costs are awarded to either party in this court.

A motion for a rehearing was denied, with $25 costs, on July 8, 1922.